IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02597-BNB

ANTOINE BRUCE,

    Plaintiff,

v.

KATHLEEN DOTSON,
BUREAU OF PRISONS,
JAMES PELTON,
UNITED STATES,
RICHARD MADISON,
DARREN FOSTER,
CEDENO, FNU,
SEAN SNIDER,
PATRICIA RANGEL,
JOSEPH ZONNO,
SHON JUTA,
G. HALL,
DAVID BERKEBILE,
CHRISTOPHER SYNSVOLL,
G. SANDUSKY, and
JOHN DOES 1-9,

    Defendants.

ORDER TO AMEND

On September 20, 2013, Plaintiff, Antoine Bruce, filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 28 U.S.C. §§ 1331 and 1332, and 29 U.S.C. § 794(a) (Rehabilitation Act of 1973).[1] The Court granted Plaintiff leave to proceed pursuant to § 1915.  Plaintiff will be directed to amend the Complaint for the following

---

[1] Plaintiff, in a new action, No. 14-cv-00210-BNB, ECF Nos. 1 and 4, filed on January 24, 2014, concedes he intended and knowingly filed this action, which is authored by Jeremy Pinson.

reasons.

Plaintiff raises three claims in this action. In Claims Two and Three, however, he asserts more than one claim. The Court identifies Plaintiff's claims as follows.

1) Eighth Amendment Violation-Defendants Dotson and Pelton denied Plaintiff's A & D ointment prescription for his Eczematoid Dermatitis causing Plaintiff to suffer daily from pain, itching, and burning;

2) First Amendment Violation/29 U.S.C. § 794(a)

   i) Defendants Berkebile and BOP denied Plaintiff educational or rehabilitative programs to accommodate Plaintiff's mental disability;

   ii) Defendants John Does #1 and 2 directed Defendants Berkebile and Rangel to disrupt Plaintiff's efforts to file a lawsuit because Jeremy Pinson was assisting Plaintiff with his legal issues;

   iii) Defendants Madison and Cedeno, between July 2012 and 2013, refused to process Plaintiff's administrative remedy requests and openly admitted that their retaliation was approved by Defendants Rangel and Synsvoll;

   iv) Defendant Sandusky took personal possessions from Plaintiff in November 2012, including a signed complaint intended for filing, and stated that she would "put a stop" to Plaintiff's legal activities;

   v) Defendant Foster denied Plaintiff due process in a UDC grievance proceeding and falsely reported Plaintiff became belligerent when Defendant Foster denied Plaintiff's request to see Defendant's supervisor;

   vi) Defendants Cedeno, Madison, and Rangel denied Plaintiff's requests to call his attorney, Edwin Aro, stating they would not assist Plaintiff to prosecute a lawsuit;

3) FTCA, 28 U.S.C. § 271-80/Eighth Amendment Violations

   i) Defendants Berkebile, Kuta, Hall, and Snider refused to ensure Plaintiff's cell was decontaminated and free

>   > of feces, urine, blood, semen, and saliva, or provide Plaintiff with proper disinfectants and protective gloves to clean the cell, before Plaintiff was placed in the cell;
>
> ii)   Defendants John Does # 3-9, Zonno, and Hall, in January 2013, observed Plaintiff over several days, while Plaintiff was on suicide watch, knew during this time that the cell was contaminated with feces, urine, semen, blood, and saliva, but refused to clean or sanitize the cell;

The Court finds that the Complaint improperly combines into one action numerous separate and unrelated claims against various defendants. Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). However, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

3

The Court may dismiss improper parties. *See id.* Nonetheless, the Court will refrain from dismissing improper parties at this time because Plaintiff must determine which claims he desires to pursue in this action. Plaintiff, therefore, is instructed to amend his Complaint in a manner consistent with the joinder requirements of the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as instructed above. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will proceed to address the claims consistent with the joinder requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that Plaintiff's Motion Requesting Status of Case, ECF No. 5, is denied as moot.

DATED January 29, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge